On Motion to Dismiss.
LAND, J.
Plaintiff moves the court to dismiss the defendant’s appeal on the ground that the amount involved in this case is less than $2,000.
Defendant prays that the motion to dismiss be denied, and in the alternative that the case be transferred to proper Court of Appeals.
The suit is to annul a mineral lease of 200 acres of land in the parish of Caddo, because potestative, wanting- in mutuality, and for other reasons. There was judgment for the plaintiff, and the defendant appealed.
[1, 2] The lessee agreed to commence the drilling of a well -on the premises within one year from the date of contract, and to pay the lessor $125 per six months until the drilling of the well should be commenced, or the grant terminated as provided by the agreement. No well was commenced within the year. In the event of the finding of oil in paying quantity the lessor was to receive one-eighth of the oil produced and saved, and as to gas found in. like quantity $200 per annum. In consideration of the payment of said rental of $250 the option was granted to the lessee to cancel the lease in whole or in part after the expiration of 12 months from the date of the contract; and it was agreed that said payment of $250 .was a valuable and sufficient consideration for each and every of the options, rights, and privileges granted. It was further stipulated that if no well was commenced within 4S months from the date of the agreement, the lessor might, at any time thereafter, by giving the lessee 12 months’ notice, refuse to accept rentals under the grant, and if before the expiration of said notice the lessee had not commenced a well on the premises, the lease should become null and void.
The parties agreed that $250 per annum was a sufficient consideration for the lease.
Mr. Greer, a representative of the defendant, testified that the consideration of the lease was a fair price, and that the land was not worth any more for rental purposes at the time of the trial. Another witness for the defendant corroborated Mr. Greer’s statements as to the value of the lease.
On the trial of the case, the following admission was made:
“It is admitted that the amount in dispute in this case is over one hundred dollars, exclusive of interest.”
*946 The appellant has filed in this court an aflMavit of another representative of the defendant company that the valuation at the time of the trial put by him and the company on its property rights in the contract of lease in question exceeded the sum. of $2,-000. Such an ex parte affidavit cannot prevail over the evidence in the record furnished by the defendant to prove that the stipulated price was fair, both at the date of the lease and the time of the trial. The parties themselves agreed that $250 was a sufficient consideration for all the rights and privileges granted to the defendant by the terms of the contract. A fair price represents the market value at the time, and the defendant proved on the trial that the lease had not enhanced in value. The admission on the trial by counsel for the defendant that the amount in dispute was over $100, exclusive of interest, shows that they then considered that the case was appealable to the Court of Appeals.
We conclude that the record shows that the amount in dispute is less than $2,000, and that the case must be transferred to the proper Court of Appeals.
It is therefore ordered that this cause be transferred to the Court of Appeals for the Parish of Caddo, and that the defendant pay all costs occasioned by this appeal to the Supreme Court.